UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA<br><br>    *Plaintiff*,<br><br>    v.<br><br>GARY R. TIMM AND NORMAN KONS, AS REPRESENTATIVE OF THE ESTATE OF DIANE C. TIMM-KONS<br><br>    *Defendants*. | Case No. |

## COMPLAINT IN INTERPLEADER

Comes now The Guardian Life Insurance Company of America ("Plaintiff" or "The Guardian"), by counsel, and for its Complaint in Interpleader against Defendants, Gary R. Timm ("Timm") and Norman Kons, as representative of the Estate of Diane C. Timm-Kons ("Estate"), alleges and states as follows:

### I. PARTIES

1. The Guardian is a corporation organized under the laws of the State of New York, with its principal place of business in the State of New York. It is duly licensed to do business in the State of Wisconsin.

2. Upon information and belief, defendant Gary R. Timm ("Timm") is the ex-husband of Diane C. Timm-Kons (the "Deceased"), and is a citizen and resident of Outagamie County, Wisconsin.

3. Upon information and belief, defendant Norman Kons ("Kons") is the husband of the Deceased and representative of the Estate, and is a citizen and resident of Outagamie County, Wisconsin.

1

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Alternatively, this Court also has original jurisdiction over this action, pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, a law of the United States. Further, this is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 28 U.S.C. §1397, 28 U.S.C. §1391(b), 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b), because one or more defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

## III. FACTUAL BACKGROUND

6. Diane C. Timm-Kons (the "Deceased") died on January 13, 2016 in Winnebago County, Wisconsin. A copy of the Deceased's death certificate is attached hereto as Exhibit A.

7. The Deceased was a former employee of Guardian ("Employer") and a participant in an ERISA governed life insurance plan (the "Plan") sponsored by the Employer. The benefits of which were funded by a group policy of life insurance ("Policy") issued by The Guardian. A true and correct copy of the Plan is attached hereto as Exhibit B.

8. At the time of her death, the Deceased was enrolled under the Plan for voluntary life insurance coverage ("Death Benefit") and the amount of the benefit is $77,442.90, which became payable to the proper beneficiary or beneficiaries as of the date of her death pursuant to the terms of the Plan.

9. The Guardian, as the Plan's claim administrator, must administer claims under the Plan in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D). The Guardian is a fiduciary for purposes of making claims determinations under the Plan and may bring this action pursuant to ERISA, 29 U.S.C. §1132(a)(3).

10. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

11. The Plan documents establish the right of the Plan participant to name his or her beneficiary, and state that benefits will be paid to the designated beneficiary. [Exhibit B, Policy at p. 5].

12. The beneficiary designation form on file with the Employer is dated June 12, 1990. This beneficiary designation form names Timm as the as the sole primary beneficiary of the Death Benefit and the Estate as the contingent beneficiary. A true and correct copy of the beneficiary designation form dated June 12, 1990 is attached hereto as Exhibit C.

13. On February 23, 2016, Timm made a claim for group life insurance benefits. A copy of the Claim Form dated February 23, 2016 is attached hereto as Exhibit D.

14. On March 8, 2016, the attorney for the Estate contacted Guardian and asked whether the Estate or the Deceased's two daughters were entitled to the Death Benefits because Timm and the Deceased divorced in 2015 and Wisconsin Statute 854.15(3)(a) "revokes any revocable disposition of property made by the decedent to the former spouse or a relative of the former spouse in a governing instrument." A copy of the March 8, 2016 letter is attached hereto as Exhibit E.

3

15. On March 24, 2016, the attorney for Timm contacted Guardian and requested that the Death Benefit be paid to Timm because "the policy in question is one arising from Ms. Timm's employmentat Guardian in the form of is an employee benefit" and governed by ERISA, and therefore, the Wisconsin Statute 854.15(3)(a) is preempted. A copy of the March 24, 2016 letter is attached hereto as Exhibit F.

16. The Policy further provides, "[u]nless otherwise provided, if no designated beneficiary is living on such earlier date, the owner or the owner's estate is the beneficiary." [Exhibit B, Policy at p. 5].

17. The Guardian cannot determine whether a court would find that Timm or the Estate is entitled to all or a share of the Death Benefit without risking potential exposure to multiple liabilities.

18. Consequently, conflicting issues of fact and law exist as to the proper beneficiary of the Death Benefit and The Guardian has, therefore, been unable to determine who is entitled to the Death Benefit.

19. The Guardian is now, and at all times has been, ready and willing to pay the Death Benefit to the party legally entitled to it.

20. The Guardian is merely a stakeholder and claims no beneficial interest in the Death Benefit, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

21. The Guardian cannot determine the proper beneficiary of the Death Benefit without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

WHEREFORE, The Guardian respectfully requests that the Court:

A. Permit The Guardian to pay the Death Benefit plus any applicable interest into the registry of this Court;

B. Order Defendants to answer and present their claims to the Death Benefit;

C. Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against The Guardian, the Employer or the Plan for the recovery of the Death Benefit, plus any applicable interest on any portion thereof;

D. Dismiss The Guardian with prejudice from this action, and discharge The Guardian, the Employer and the Plan from any further liability upon payment of the Death Benefit, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

E. Permit The Guardian to recover its costs and attorneys' fees in connection with this action; and

F. Order such other and further relief as this Court deems just and proper.

5

**Dated:** June 10, 2016         THE GUARDIAN LIFE INSURANCE
                                 COMPANY OF AMERICA


                                 By: /s/ Violet H. Borowski
                                     One of Its Attorneys


                                 Violet H. Borowski, IL ARDC #6282556
                                 OGLETREE, DEAKINS, NASH, SMOAK &
                                   STEWART, P.C.
                                 155 N. Wacker Drive, Suite 4300
                                 Chicago, IL  60606
                                 Phone:  312-558-3024
                                 Fax:  312-807-3619
                                 violet.borowski@ogletreedeakins.com

                                 *Attorneys for Plaintiff The Guardian Life
                                 Insurance Company of America*

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 10th day of June, 2016, she electronically filed the foregoing **COMPLAINT IN INTERPLEADER** with the Clerk of the Court using the ECF system and mailed notification of such filing to the following:

Sarah Kons
Hooper Law Office
2 Systems Drive
Appleton, WI 54914
*Attorneys for Norman Kons, representative of the Estate of Diane C. Timm-Kons*

Andrew C. MacDonald
MacDonald Law Office, LLC
4650 W. Spencer Street
Appleton, WI 54914
*Attorneys for Gary R. Timm*

/s/Violet H. Borowski